UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY SAMUEL TOTA,

                      Plaintiff,

v.                                              **DECISION AND ORDER**
                                                      07-CV-26S

JUDGE JOHN T. WARD, JR.,

                      Defendant.

## I. INTRODUCTION

In this civil rights action brought pursuant to 42 U.S.C. § 1983, pro se Plaintiff Anthony Samuel Tota[1] alleges that Defendant Judge John T. Ward, Jr., violated his constitutional rights by directing that he be committed to a psychiatric center. Presently before this Court is Defendant's Motion for Summary Judgment.[2] For the following reasons, Defendant's motion is granted.

## II. BACKGROUND

### A. Facts

In 2003, Plaintiff appeared in Jamestown, NY, City Court on arson-related felony charges. (Defendant's Rule 56 Statement of Undisputed Facts ("Defendant's Statement"),

---

[1] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Plaintiff is proceeding pro se, this Court has considered his submissions and arguments accordingly.

[2] In support of his motion, Defendant filed a memorandum of law, a Rule 56 Statement of Undisputed Facts, the Declaration of Kathleen D. Krauza, with exhibits, and a reply memorandum of law. (Docket Nos. 3-7.) Plaintiff filed a submission in opposition, including a Rule 56 Statement of Facts, his own Declaration, a memorandum of law, and exhibits. (Docket No. 12; see Docket No. 15.)

Docket No. 4, ¶ 1.)  On August 7, 2003, the Honorable James Abdella, Jamestown City Court Judge, directed that Plaintiff be examined under N.Y. Criminal Procedure Law ("N.Y. C.P.L.") § 730 to determine his capacity to understand the proceedings against him and the need, if any, for treatment.  (Krauza Decl., Docket No. 5, Exhibit A.)

Thereafter, Plaintiff was indicted on arson and criminal possession of a weapon charges, which came before the Honorable John T. Ward, Jr., Chautauqua County Court Judge.  (Defendant's Statement, ¶ 2; Krauza Decl., Exhibit B.)  During the course of the proceedings before him, Judge Ward determined that Plaintiff was an incapacitated person, and therefore issued an Order of Commitment pursuant to N.Y. C.P.L. § 730.50 on January 22, 2004, directing that Plaintiff be committed to the custody of the Commissioner of the Office of Mental Health for care and treatment for a period not to exceed one year.  (Kauza Decl., Exhibit B.)  Judge Ward's Order directed that the treatment facility notify the court in writing when it determined that Plaintiff was no longer incapacitated.  (Kauza Decl., Exhibit B.)  Plaintiff was committed to the Rochester Regional Forensic Unit of the Rochester Psychiatric Center.  (Defendant's Statement, ¶ 4; Kauza Decl., Exhibit B.)

On December 30, 2004, Laurence Guttmacher, M.D., Clinical Director of the Rochester Psychiatric Center, notified the court that Plaintiff was no longer an incapacitated person and requested that he be returned to law enforcement custody.  (Defendant's Statement, ¶ 5; Kauza Decl., Exhibit C.)

On January 12, 2005, Plaintiff was returned to the County Court, where he was arraigned on January 14, 2005.  (Plaintiff's Submission in Opposition, Docket No. 12-2, p.

2.)  Thereafter, on November 27, 2006, Plaintiff pled guilty to arson in the fifth degree, a class A misdemeanor, in satisfaction of the indictment. (Defendant's Statement, ¶ 6; Kauza Decl., Exhibit D.)  Judge Ward sentenced him to a definitive term of one year, time served.  (Kauza Decl., Exhibit D.)

**B.   Procedural History**

Plaintiff instituted this action on January 11, 2007, by filing a Complaint in the United States District Court for the Western District of New York.  Defendant filed the instant Motion for Summary Judgment on June 6, 2007.  Plaintiff responded in opposition on July 31, 2007.  Defendant filed a reply on August 7, 2007.  This Court took the motion under advisement without oral argument on September 30, 2007.

### III.  DISCUSSION

**A.   Summary Judgment Standard**

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion."  Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609, 26 L.Ed.2d 142 (1970).  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.

**B.     Judicial Immunity**

"'[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  Mireles v. Waco, 502 U.S. 9, 9-10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) (quoting Bradley v. Fisher, 80 U.S. 335, 13 Wall. 335, 20 L. Ed. 646 (1872)).  Judicial immunity, like other forms of official immunity, is immunity from suit, not just from the ultimate assessment of damages.  Mitchell v. Forsythe, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985).  Thus, "[judicial] immunity applies even when the judge is accused of acting maliciously and corruptly."  Imbler v. Pachtman, 424 U.S. 409, 419 n.12, 96 S. Ct. 984, 990, 47 L. Ed. 2d 128 (1976) (citing Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967)); see also Stump v. Sparkman, 534 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (immunity is not lost where  judge acted in error,

maliciously or in excess of his authority).

There are only two circumstances in which judicial immunity can be overcome: (1) a judge is not immune from liability for actions taken outside his or her judicial capacity; and (2) a judge is not immune from actions that, although judicial in nature, are taken in the complete absence of jurisdiction.  Mireles, 502 U.S. at 11-12 (citations omitted).

**C.    Analysis**

In his Complaint, Plaintiff alleges that Judge Ward violated his substantive due process rights by "illegally" issuing the Order of Commitment, which, in Plaintiff's view, resulted in his false imprisonment for approximately one year. (Complaint, Docket No. 1, p. 3-4.)  Plaintiff argues that Judge Ward lacked jurisdiction to issue an Order of Commitment because Plaintiff had not first been arraigned as required by N.Y. C.P.L. § 730.50.  (Plaintiff's Submission in Opposition, pp. 6, 10, 12, 36-37.)  Based on this argument, Plaintiff contends that the second exception to judicial immunity discussed above applies in this case.  Defendant argues that he is entitled to judicial immunity because he had proper jurisdiction over the criminal matter, which was the context within which he issued the Order of Commitment.

"Because 'some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction . . . ,' the scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge."  Stump v. Sparkman, 435 U.S. at 356-57 (quoting Bradley, 80 U.S. at 352).  Here, this Court finds that it is beyond dispute that Judge Ward had proper jurisdiction over the

5

criminal matter, and proper jurisdiction to issue an Order of Commitment.

Although Plaintiff couches his argument in jurisdictional terms, he really is complaining that Judge Ward erroneously issued the Order of Contempt.  That is, Plaintiff does not argue that Judge Ward lacked jurisdiction to issue the Order under any circumstance, but rather, that he did so erroneously in this case because he did not first conduct an arraignment.  But there is no need for this Court to determine whether Judge Ward erred.  In Stump, the United States Supreme Court determined that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the '*clear absence of all jurisdiction*.'"  435 U.S. at 356-57 (quoting Bradley, 80 U.S. at 351) (emphasis added).

Thus, even assuming that New York law requires that an arraignment be conducted before an Order of Commitment can be issued, Judge Ward is entitled to the protection of judicial immunity because he did not act in the clear absence of all jurisdiction in issuing the Order of Commitment.  See Stump, 435 U.S. at 356-57.  There is no dispute that Judge Ward had jurisdiction to issue an Order of Protection.  The dispute is whether he did so properly.  But whether he did or did not, Judge Ward is nonetheless protected from suit by the doctrine of judicial immunity, and therefore entitled to summary judgment.

## IV.  CONCLUSION

Based on the foregoing, this Court finds that Judge Ward is entitled to judicial immunity from Plaintiff's suit.  Accordingly, Defendant's Motion for Summary Judgment is granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Summary Judgment (Docket No. 3) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:      February 22, 2008
            Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge